UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                Case No. 18-CR-20668-2
                                                 HON. GEORGE CARAM STEEH

D-2 VICTOR ATTISHA,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS (Doc. 29)

On October 4, 2018, Defendant Victor Attisha ("Defendant"), along with two others, was indicted on one count of conspiracy to manufacture and to distribute hundreds of pounds of marijuana under the guise of operating a marijuana dispensary, five counts of possession with intent to distribute marijuana in violation and aiding and abetting, one count of money laundering, and one count of conspiracy to structure financial transactions. In the motion now before the court, Defendant seeks to suppress evidence obtained pursuant to two search warrants, the first executed on October 3, 2017, and the second on February 14, 2018, both of which were supported by lengthy affidavits by DEA Special Agent Edward Dosch. Defendant has not specified the evidence he seeks to

suppress. Because the *Leon* good-faith rule applies, Defendant's motion shall be denied.

## I. Background

*A.  The Conspiracy*

Defendant is charged in a drug trafficking conspiracy in which Defendant and others would cultivate and grow marijuana in commercial and residential growing operations secreted in the Detroit metropolitan area. (Indictment, ¶ 6). Defendant is also charged with purchasing hundreds of pounds of marijuana worth over $1 million from suppliers in California, and elsewhere, to sell in metro Detroit. *Id.* at ¶ 6. The Government also charges Defendant with conspiracy to commit money laundering. *Id.* at Count Eight. According to the affidavit submitted by Special Agent Dosch in support of the October 2, 2017 search warrant, Defendant operated the Holy Moly Donut Shop ("Holy Moly"), Platinum Processing, and Municipal Payment Solutions as front corporations to launder the illegal proceeds of the marijuana conspiracy. (Doc. 29-3 at ¶¶ 53-54, 58).

*B.  The October, 2017 Search Warrant*

Special Agent Dosch, a 22-year veteran of the DEA, submitted a 51-page affidavit in support of the October 2, 2017 search warrant. (Doc. 29-

3). The search warrant was authorized by Magistrate Judge R. Steven Whalen and was executed on October 3, 2017, among other places at:

> (1) Defendant's residence at 3278 Gemini Drive, Sterling Heights, Michigan ("Defendant's residence"), and
>
> (2) a marijuana growing or processing commercial location at 10633 W. Seven Mile Road, Detroit, Michigan ("marijuana warehouse").

Defendant challenges both searches on the grounds that the affidavit supporting the searches failed to establish probable cause because he alleges that there is no nexus between Defendant's residence and the marijuana warehouse and the criminal activity under investigation.

### C. *The February, 2018 Search Warrant*

Agent Dosch submitted a 72-page affidavit in support of the February 5, 2018 search warrant. The search warrant was authorized by Magistrate Judge Whalen and was executed on February 14, 2018 at:

> (1) the Holy Moly Donut Shop at 201 W. Eight Mile Road, Detroit, Michigan ("Holy Moly"), and
>
> (2) 24911 John R. Road, Hazel Park, Michigan location of ATM of America, Inc. and Platinum Processing, allegedly sham businesses used for money laundering, ("financial businesses building."). (Doc. 29-5 at ¶ 46, 51).

Defendant argues that the affidavit supporting the February 5, 2018 warrant lacked probable cause because it included evidence seized during the October, 2017 search which was allegedly tainted, and because there was

allegedly no nexus between Holy Moly and the financial businesses building and the criminal activity under investigation. The February, 2018 warrant was also executed at Unified Collective, the sham marijuana dispensary that was adjacent to Holy Moly and shared the same address, but Defendant does not contest the search of Unified Collective.

## II. *Leon* Good-Faith Exception

Even if there was a flaw in the affidavits' showing of probable cause to search any of (1) Defendant's residence, (2) the marijuana warehouse, (3) Holy Moly, or (4) the financial businesses building, the "good faith" exception under *United States v. Leon*, 468 U.S. 897, 921 (1984) applies. The evidence obtained need not be suppressed when it was "'seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective.'" *United States v. Hython*, 443 F.3d 480, 484 (6th Cir. 2006) (quoting *Leon*, 468 U.S. at 905). As the Supreme Court has emphasized: "[t]o trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system. As laid out in our cases, the exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence." *Herring v. United States*,

555 U.S. 135, 144 (2009).  Exclusion of evidence obtained in violation of the Fourth Amendment "has always been our last resort, not our first impulse." *Id.* at 140 (internal quotation marks and citation omitted).

The Sixth Circuit recently reiterated the *Leon* "good faith" exception in *United States v. Asgari*, No. 18-3302, 2019 WL 1246828, at *2 (6th Cir. Mar. 19, 2019), where it observed that "[i]f a neutral magistrate finds probable cause and issues a warrant, investigators may rely on the magistrate's judgment, and courts will consider the resulting evidence so long as two exceptions to the good-faith rule do not apply."  *Id.*  Those exceptions are: (1) where the warrant application is "'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable,'" and (2) where "the warrant application contains intentional or reckless falsehoods that mislead the magistrate."  *Id.* (quoting *Leon*, 468 U.S. at 923).  Neither exception applies here.

In this case, Special Agent Dosch, a 22-year veteran of the DEA, submitted a 51-page and 72-page detailed affidavit in support of the search warrants which were based on surveillance, information from confidential informants, financial records, evidence including drug contraband and large amounts of currency obtained through other seizures, drug ledgers, text messages, and other evidence.  The agents obtained search warrants,

which did not contain false information, were not "bare bones," and were not so facially deficient as to render the agents' reliance upon them to be unreasonable. *See Hython*, 443 F.3d at 484-85 (outlining situations in which the good faith exception does not apply). Therefore, even if the search warrants were not sufficiently supported by probable cause, the court applies the good-faith exception to the exclusionary rule.

### III. Conclusion

Because the *Leon* good-faith exception applies, Defendant's motion to suppress (Doc. 29) is DENIED.

IT IS SO ORDERED.

Dated: March 21, 2019

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 21, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk