UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Number 18-cr-20668 |
| Plaintiff, | Honorable George Caram Steeh |
| v. | |
| D-2 VICTOR ATTISHA, | |
| Defendant. | |
| _____/ | |

## Government's Sentencing Memorandum

The United States of America, by and through its attorneys Matthew Schneider, United States Attorney, and J. Michael Buckley and Paul A. Kuebler, Assistant United States Attorneys, submits that for the reasons provided below, a sentence of 71 months imprisonment is sufficient but not greater than necessary to achieve the purposes set forth in 18 U.S.C. § 3553(a)(2).

**I.   Facts**

By 2016, Victor Attisha, Junior Asmar, James Shammas, and unindicted co-conspirators devised a scheme to manufacture and distribute hundreds of pounds of marijuana under the guise of operating a Michigan-authorized marijuana dispensary, Unified Collective. PSR ¶ 8. Unified Collective was a sham marijuana dispensary because the appropriate state licensing had never been obtained, or even applied for, by Asmar and his co-conspirators. Rule 11 Plea Agreement, ECF No.

1

45, p. 2. The conspirators also operated other sham dispensaries in the Detroit metropolitan area. DEA Special Agent Affidavit, ECF No. 29-5, ¶¶ 44, 79. The conspirators distributed marijuana *as well as* marijuana infused food products, which pose a serious health risk to the public (*id*. at ¶¶ 37, 54, 57, 65; Robert Glatter, MD, *The Hidden Danger of Marijuana Edibles,* FORBES, July 27, 2015) and marijuana wax and oil (PSR ¶¶ 20, 22), which uses a dangerous extraction process to create controlled substances with very high concentrations of tetrahydrocannabinol (THC).

    The conspirators cultivated and grew marijuana in commercial and residential growing operations (sometimes referred to as "grows") and purchased hundreds of pounds of marijuana worth over one-million dollars from suppliers in California and elsewhere, to sell in the Detroit metropolitan area. PSR ¶ 13. Seized ledgers documented approximately 210 kilograms (460 pounds) of marijuana in 2016 alone. PSR ¶ 20. Over 115 kilograms of marijuana and over 220 marijuana plants were seized from conspirators. PSR ¶¶ 17, 19, 23, 24, 25.

    The conspirators laundered over $2,000,000.00 in illegal proceeds. PSR ¶ 103. Junior Asmar, an employee of A&S ATM, periodically filled ATMs with cash, including the illegal proceeds of marijuana trafficking. PSR ¶ 14. From on or about April 2016, through September 2017, approximately $2,376.298.00 of electronic deposits were made into a Comerica business account for A&S ATM

ending in 7947, and during this same time period, cash withdrawals totaling approximately $2,363,534.00 were made from the account. *Id*. From Junior Asmar's residence, DEA agents seized marijuana oil, marijuana, marijuana ledgers, Unified Collective paraphernalia, and receipts dated between September 2016 and September 2017 for the Comerica A&S ATM bank account ending in 7947. *Id*. Asmar also worked in the office at Unified Collective. *Id*. Co-conspirator James Shammas listed his principal business as "ATM Consulting." *Id*.

A&S ATM, which was organized as an official Michigan entity on June 7, 2016 by Attisha (also the registered agent), was associated with 24911 John R Road, Hazel Park, Michigan. PSR ¶ 10. On February 14, 2018, upon opening a safe at 24911 John R Road, agents smelled a strong odor in the room consistent with the smell of marijuana. See attached **Exhibit A**. Other businesses associated with 24911 John R Road included ATM of America and Platinum Processing Services. PSR ¶¶ 11, 12.

Attisha was also an incorporator of and the registered agent for Holy Moly Donut Shop (PSR ¶ 9), which advanced the drug conspiracy. PSR ¶¶ 23–24. In addition owning various businesses and managing co-conspirators, Attisha was present and actively participated in the conspiracy – on February 14, 2018, a "backpack with a ledger containing names of various marijuana strands and ATTISHA's Chase debit card, 200 gross grams of marijuana, $1,685.00, and

records for a Comerica business account for A&S ATM ending in 7947 were located in the office of Holy Moly Donut Shop." PSR ¶ 23.

## II.     Procedural Background

On October 4, 2018, Attisha was charged in a nine-count Indictment. On June 25, 2019, Attisha pleaded guilty, pursuant to a Rule 11 Plea Agreement, to Counts One, which charged Conspiracy to Manufacture, Possess With Intent to Distribute, and Distribute Marijuana.

## III.    Guideline Range

The parties agreed in the Rule 11 Plea Agreement that the applicable guideline range is 60 to 63 months (i.e. 51 to 63 months with a mandatory minimum of 60 months), and that the Court must impose a sentence of at least 60 months. That range was based on a Total Offense Level of 23 and Criminal History Category II. PSR ¶ 85. Probation calculated a guideline range of 60 to 71 months (i.e. 57 to 71 months with a mandatory minimum of 60 months), and that the Court must impose a sentence of at least 60 months. PSR ¶¶ 85, 87. The revised range is based on a Total Offense Level of 23 (same as Rule 11) and Criminal History Category III. *Id*.

**IV.   Section 3553(a) Sentencing Factors**

In determining the appropriate sentence, the Court should not simply rely on the guideline calculations, but should consider all of the factors in the Sentencing Reform Act and, in particular, those set forth in 18 U.S.C. § 3553(a).

   **A.   *Nature and Circumstances of the Offense – 18 U.S.C. § 3553(a)(1)***

Marijuana, which causes community decay (PSR ¶ 107), is associated with impaired functioning, can be deadly in concentrated form (edibles, etc.), and is considered a gateway drug.

The illegal marijuana market in the United States far exceeds other illegal drug markets. Marijuana use and distribution is prohibited under federal law. Also, voters and legislators that "legalized" marijuana under state law did not endorse the marijuana black market and its associated risks. Indeed, these states, including Michigan, face challenges addressing the marijuana black market, including:

- Covert domestic grows inviting violence;
- Sizeable marijuana black market attracting organized crime; and
- Marijuana black market traffickers feigning compliance with state laws to insulate themselves from law enforcement.

In the instant case, Attisha did *and continues to* argue (erroneously) that he was operating Unified Collective lawfully under Michigan law. In reality, Attisha feigned compliance with Michigan Department of Licensing and Regulatory

Affairs requirements, by posting a LARA document in the Unified Collective lobby (see attached **Exhibit B**) and requesting that customers provide a State of Michigan Medical Marijuana Card (see attached **Exhibits C and D**). Attisha posted and requested documents even though "the appropriate state licensing was never obtained." PSR ¶ 8. In fact, Attisha, Junior Asmar, James Shammas, and Unified Collective never applied for a license under the Medical Marijuana Facilities Licensing Act, MCL 333.27101 *et seq*. See attached **Exhibit E**.[1]

Although charged as D-2, Attisha undoubtedly assumed a leadership role in the criminal conspiracy. He incorporated several of the businesses on his own or jointly with others. He was the registered agent for several. He employed Junior Asmar. He was present and actively participated in the conspiracy at Unified Collective.

Attisha was a leader of a "very serious" (PSR ¶ 105) conspiracy that amassed millions of dollars by trafficking marijuana. The conspiracy was complex, with a number of grows and a money laundering scheme that cleaned the currency generated from marijuana sales – (1) the marijuana proceeds (i.e. currency), which reeks of marijuana, was loaded into ATMs (PSR ¶ 14); (2) after unsuspecting

---

[1] A case involving only the City of Detroit (not the State of Michigan), zoning issues, and the City of Detroit's ability to oversee a business is distinct from whether a business complied with the State of Michigan's Medical Marijuana Facilities Licensing Act.

ATM customers withdrew marijuana proceeds (i.e. currency) the economic value of the withdrawal was electronically transferred from the ATM customers' bank account to the A&S ATM bank account; and (3) Attisha and Junior Asmar then withdrew clean (i.e. normal smelling) currency from the A&S ATM bank account.

A forensic accountant provides no insight (and he has no firsthand knowledge) whether the currency loaded into ATM machines was clean (i.e. normal smelling) currency that had just been withdrawn from the A&S ATM bank account or whether the currency loaded into the ATM machines was marijuana proceeds. A forensic accountant's opinion that A&S ATM bank accounts indeed show cash withdraws and electronic deposits, consistent with a legitimate ATM business, is neither incriminating nor exculpatory. Furthermore, a forensic accountant's opinion is irrelevant and pales in comparison to the direct and significant circumstantial evidence in this case that the marijuana traffickers used ATMs to "clean" the marijuana proceeds. Also, Attisha's bare denial that he laundered money is of no significance.[2]

---

[2] A district court may generally rely on the PSR's facts unless the defendant produces evidence that contradicts the PSR's findings. *United States v. House*, 872 F.3d 748, 752 (6th Cir. 2017) (citing *United States v. Mustread*, 42 F.3d 1097, 1102 (7th Cir. 1994) ("A defendant cannot show that a PSR is inaccurate by simply denying the PSR's truth.... [H]e must produce more than a bare denial, or the judge may rely entirely on the PSR.")).

### B. History and Characteristics of the Defendant – 18 U.S.C. § 3553(a)(1)

On January 19, 2016, Attisha was arrested for violating the City of Detroit marijuana code. PSR ¶ 43. He was convicted on April 29, 2016. Attisha reported to Probation that "[s]ince my arrest I have stopped using marijuana." PSR ¶ 67. However, while on Pretrial Services supervision, Attisha tested positive for marijuana on four occasions. PSR ¶¶ 6, 69.

Despite a marijuana arrest and conviction in 2016, Attisha opted to participate in a marijuana conspiracy. Despite the bond condition to not use controlled substances (PSR ¶ 5), Attisha opted to use marijuana. Despite Attisha's conviction for the instant offense and finding that A&S ATM facilitated money laundering (PSR ¶ 14), he plans to "grow" A&S ATM during and after a period of incarceration (PSR ¶¶ 56, 79).

Attisha has a history of making bad decisions, despite warnings. He is not easily deterred.

### C. Reflecting the Seriousness of the Offense, Promoting Respect for the Law, and Providing Just Punishment for the Offense – 18 U.S.C. § 3553(a)(2)(A)

Marijuana trafficking is a serious offense that harms the public. Attisha has shown little respect for federal or state law.

### D. Affording Adequate Deterrence to Criminal Conduct – 18 U.S.C. § 3553(a)(2)(B)

In addition to deterring Attisha, a sentence of 71 months imprisonment will deter others from conspiring in a similar black market marijuana trafficking conspiracy and money laundering conspiracy.

## V. Conclusion

A sentence of 71 months imprisonment is sufficient but not greater than necessary to achieve the purposes set forth in 18 U.S.C. § 3553(a)(2).

Respectfully submitted,

MATTHEW SCHNEIDER
UNITED STATES ATTORNEY

J. MICHAEL BUCKLEY
Assistant United States Attorney

*/s/Paul A. Kuebler*
PAUL A. KUEBLER (NY 4268561)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9641
paul.kuebler@usdoj.gov

Dated: October 29, 2019

**Certificate of Service**

I certify that on October 29, 2019, I electronically filed the Sentencing Memorandum for the United States using with the Clerk of the Court of the Eastern District of Michigan use the ECF system, and a copy will be generated by the ECF system and sent to the Attorney(s) of Record, and I also certify that on the same date a copy of the Sentencing Memorandum was hand delivered to the U.S. Probation Officer on record.

                                        */s/Paul A. Kuebler*
                                        PAUL A. KUEBLER (NY 4268561)
                                        Assistant United States Attorney
                                        211 West Fort Street, Suite 2001
                                        Detroit, Michigan 48226
                                        (313) 226-9641
                                        paul.kuebler@usdoj.gov