UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

        Case No.  18-20668

        HON.  GEORGE CARAM STEEH

VICTOR ATTISHA, D-2,

        Defendant.
_____/

ORDER DENYING DEFENDANT'S RENEWED
MOTION FOR COMPASSIONATE RELEASE [ECF No. 77]

This mater is before the Court on defendant Victor Attisha's renewed motion for compassionate release from prison due to dangers posed by COVID-19 (ECF No. 77).  Defendant's previous motion for compassionate release was denied on June 3, 2020 (ECF No. 69).  At that time the Court recognized that defendant's obesity put him at increased risk should he be exposed to COVID-19.   Sleep apnea is another recognized risk factor, which in defendant's case is controlled with CPAP.  Although the Court found defendant's medical condition to constitute an "extraordinary" reason for release under 18 U.S.C. §3582, the Court concluded that defendant did not meet the standard for "compelling" and that the § 3553(a) factors did not support granting his request for release.

Among the factors that influenced the Court's decision to deny defendant's original motion were that there were zero confirmed inmate or staff COVID-19 cases at FCI Morgantown, though that was possibly due to a lack of widespread testing at that time.  Also, the Court found it to be relevant that defendant had served less than 10% of his sentence.  In his present motion, defendant argues that circumstances have changed from the time he filed his original motion, warranting the Court to take a new look at his request.  Specifically, on December 12, 2020, FCI Morgantown had 121 inmates and 9 staff members with confirmed active cases of COVID-19 (ECF No. 77, PageID.1226-27).  Additionally, defendant has now served approximately 20% of his sentence.

Upon review, the Court finds that even if defendant could establish extraordinary and compelling reasons for his release under 18 U.S.C. §3582, the § 3553(a) factors still support denial of his request.  The original sentence reflected the Court's evaluation of "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law" under § 3553(a).  *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020).  The Court imposed a five-year sentence because defendant was involved in a "significant operation" that "deserves

a heavy sentence." (ECF No. 55, PageID.644-645). Although he has now served 20% of his sentence, releasing defendant after having served only one year would not achieve the goal of deterring future criminal activity and would not appropriately reflect the seriousness of the crime committed.

Finally, as of January 15, 2021, BOP's website reports that FCI Morgantown currently has 2 inmates and 6 staff confirmed positive for COVID-19. While cases of COVID-19 will likely continue to fluctuate, both inside and outside of prisons, the situation at FCI Morgantown is much less dire than it was when defendant filed his renewed motion.

For the reasons outlined above, defendant's renewed motion for compassionate release is DENIED.

Dated: January 19, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 19, 2021, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk